**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

EASTERN REGIONAL MEDICAL CENTER,
INC., and CANCER TREATMENT CENTERS OF
AMERICA PROFESSIONAL CORPORATION
OF PENNSYLVANIA, P.C.,

                              **Plaintiffs,**

  vs.                                                   6:16-CV-331
                                                          (MAD/ATB)

**SALLY EVANCIEW,**

                              **Defendant.**
_____

**APPEARANCES:**                                     **OF COUNSEL:**

**STRADLEY RONON STEVENS & YOUNG, LLP**     **SCOTT H. BERNSTEIN, ESQ.**
100 Park Avenue
Suite 3210
New York, New York 10017
Attorneys for Plaintiff

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On March 21, 2016, Plaintiffs commenced this diversity action alleging breach of contract, quantum meruit, and promissory estoppel. *See* Dkt. No. 1. Defendant was served with copies of the summons and complaint on March 29, 2016. *See* Dkt. No. 5. Upon Defendant's failure to file an answer, motion, or other responsive pleadings within twenty-one days from the date of service, Plaintiffs requested entry of default, which the Clerk of the Court entered on April 27, 2016. *See* Dkt. Nos. 6 & 7.

Currently before the Court is Plaintiffs' motion for default judgment. *See* Dkt. No. 9.

### II. BACKGROUND

Plaintiffs are corporations organized and incorporated pursuant to the laws of Pennsylvania, with their principal place of business at 1331 East Wyoming Avenue, Philadelphia, Pennsylvania 19124. *See* Dkt. No. 1 at ¶¶ 1 & 2. Defendant Sally Evanciew is a citizen of the state of New York, residing in Taberg, New York. *See id.* at ¶ 3.

From approximately August 2015 through October 2015, Defendant's husband, who is now deceased, sought medical treatment from Plaintiffs. *See id.* at ¶ 6. In connection with this treatment, Plaintiffs entered into a Patient and Spouse Payment Agreement (the "Payment Agreement") with Defendant and her husband. *See id.* at ¶¶ 7-8.

Pursuant to the Payment Agreement, Defendant and her husband agreed to the following:

> 1. **Payment of Charges.** Patient and Spouse hereby each agree to be unconditionally and personally liable for payment for all services rendered Patient by Hospital and PCP.[1] Spouse hereby agrees to guaranty payment to Hospital and PCP of any and all amounts owed by Patient.
>
> \* \* \* \* \*
>
> 2. **"Out-of-Network" Acknowledgment; Assignment of Benefits.**
> . . . Patient hereby agrees to assign to ERMC and PCP any and all benefits payable under any health insurance plan, covering Patient[.]
>
> \* \* \* \* \*
>
> 3. **Pay Over of Checks Received.** To the extent Patient or Spouse receives one or more checks or drafts from a third party payor (including an insurance company or health plan) relating to services provided by Hospital or PCP, Patient and Spouse hereby agree to immediately endorse such checks and drafts and deliver them to Hospital; Patient and Spouse hereby covenant that in no event will they ever negotiate, cash or deposit any such checks or drafts, except to and for the benefit of Hospital. After receipt of such

---

[1] Throughout the Payment Agreement, Plaintiff Eastern Regional Medical Center, Inc. is referred to as the "Hospital" or "ERMC," while Cancer Treatment Centers of America Professional Corporation of Pennsylvania, Inc. is referred to as "PCP." Dkt. No. 1-1 at 2.

2

> endorsed checks and drafts, Hospital will credit Patient's account
> for the amount of such payment.

Dkt. No. 1-1 at 2. Defendant further agreed that she would reimburse Plaintiffs for the costs and expenses, including attorneys' fees, of enforcing the Payment Agreement. *See id.* at 2-3. Further, in the event that Defendant violated any provision of paragraph three of the Payment Agreement relating to checks or drafts from a third party payor, the Payment Agreement provides that Plaintiffs "shall have, in addition to all other rights, the right to file suit against Patient and Spouse on the theory of conversion[.]" *Id.*

In reliance on the signed Payment Agreement, Plaintiffs provided medical services to Defendant's spouse the Hospital from August 2015 through October 2015. *See* Dkt. No. 1 at ¶ 14. Plaintiffs billed Defendant and her spouse for the costs of the services provided. *See id.* at ¶ 15. Despite demand for payment, Plaintiffs claim that Defendant has failed to pay in full pursuant to the Payment Agreement for the services provided. *See id.* at ¶ 16. According to the complaint, Plaintiffs are owed not less than $325,271.51 for those services. *See id.* at ¶ 17. Additionally, Plaintiffs claim that, upon information and belief, "Patient's health insurer(s) or health plan(s) has sent checks or drafts to Patient and/or Defendant as payment for the medical services provided by Plaintiffs." *Id.* at ¶ 18. Further, Plaintiffs contend that, despite receiving these checks or drafts, Defendant has failed to endorse or deliver all such checks or drafts to Plaintiffs in order to pay the outstanding invoices as required by the Payment Agreement. *See id.* at ¶ 19.

Currently before the Court is Plaintiffs' unopposed motion for default judgment. *See* Dkt. No. 9.

### III. DISCUSSION

"Generally, 'Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant.'" *United States v.*

*Simmons*, No. 5:10-CV-1272, 2008 WL 685498, *2 (N.D.N.Y. Mar. 2, 2012) (quoting Robertson v. Doe, No. 05-CV-7046, 2008 WL 2519894, *3 (S.D.N.Y. June 19, 2008)). "'First, under Rule 55(a), when a party fails to "plead or otherwise defend . . . the clerk must enter the party's default."'" *Id.* (quotation omitted); *see also* Fed. R. Civ. P. 55(a). "'Second, pursuant to Rule 55(b)(2), the party seeking default is required to present its application for entry of judgment to the court.'" *Id.* (quotation omitted). "'Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment.'" *Id.* (quotation omitted); *see also* Fed. R. Civ. P. 55(b)(2).

"When a default is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability." *Bravado Int'l Group Merch. Servs. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). "While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) (citations omitted); *see also Bravado Int'l*, 655 F. Supp. 2d at 189-90 (citation omitted). "[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." *Overcash v. United Abstract Group, Inc.*, 549 F. Supp. 2d 193, 196 (N.D.N.Y. 2008) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). "The burden is on the plaintiff to establish its entitlement to recovery." *Bravado Int'l*, 655 F. Supp. 2d at 189 (citing *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158). "While 'the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing.'" *Id.* at 190 (quotation omitted).

In the present matter, the Court finds that Plaintiffs are entitled to an entry of default judgment against Defendant. Defendant has not answered or otherwise responded to Plaintiffs' summons and complaint and the time allowed to do so has expired. *See* Fed. R. Civ. P. 12(a). Further, Plaintiffs properly served Plaintiff by delivering a copy to a person of suitable age and discretion at Defendant's dwelling and, thereafter, completed serving by mailing a copy of the documents on March 30, 2016. *See* Dkt. No. 5. Moreover, in conformity with Local Rule 55.2, Plaintiffs have amply demonstrated that Defendant is not in military service, an infant or an incompetent. *See* Dkt. No. 9-2 at ¶ 10; Dkt. No. 5. Also, Plaintiffs have plausibly alleged that they are entitled to relief for Defendant's breach of the Payment Agreement. As such, the Court finds that Plaintiffs have met their burden and is entitled to an entry of default judgment as to liability.

Damages may be awarded in a default judgment where the plaintiff's complaint is for a sum certain. *See* Fed. R. Civ. P. 55(b)(1). "A sum certain is a sum which is susceptible to reliable computation or determined by the court after an accounting." *Insurance Co. of North America v. S/S "Hellenic Challenger"*, 88 F.R.D. 545, 548 (S.D.N.Y. 1980) (citations omitted). A hearing to determine damages is left to the sound discretion of the court. *See Fustok v. Conticommodity Services, Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). The court may rely solely on "detailed affidavits and documentary evidence" for purposes of evaluating the sum of damages, as it does in the current case. *Id.*; *see also Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991); *see also Oy Saimaa Lines Logistics Ltd. v. Mozaica-New York, Inc.*, 193 F.R.D. 87, 89 (E.D.N.Y. 2000).

In the present matter, relying on the affidavits and documentary evidence that Plaintiffs have provided, the Court finds that Plaintiffs are entitled to $324,149.51 in compensatory

damages.[2] In the affidavit of Stacey Morrissey, who works for Plaintiffs as the "Recovery Services Supervisor," Ms. Morrissey confirms that the above amount is outstanding. *See* Dkt. No. 9-1 at ¶¶ 6-7. This assertion is supported the outstanding invoices, which are attached as an exhibit to Ms. Morrissey's affidavit. *See* Dkt. No. 9-1 at Exhibit "A." Accordingly, the Court grants Plaintiffs' motion for default judgment in the amount of $324,149.51.[3]

Moreover, pursuant to 28 U.S.C. § 1961(a), Plaintiffs are also entitled to post-judgment interest, which they have sought here. The rate of such interest, as set forth in section 1961(a), "shall be calculated from the date of entry of judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a) (internal footnote omitted).

## IV. CONCLUSION

After carefully reviewing Plaintiff's submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Plaintiffs' motion for default judgment (Dkt. No. 9) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Plaintiffs and against Defendant in the amount of $324,149.51; and the Court further

---

[2] The Court notes that this amount is slightly lower than the amount stated in the complaint.

[3] In their motion, Plaintiffs indicate that they are waiving their right to seek an award of attorneys' fees, costs and prejudgment interest against Defendant. *See* Dkt. No. 9-1 at ¶ 8; Dkt. No. 9-2 at ¶ 12.

**ORDERS** that Plaintiffs are entitled to post-judgment interest accruing at the statutory rates discussed above; and the Court further

**ORDERS** that Plaintiffs shall serve a copy of this Memorandum-Decision and Order on Defendant; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Plaintiffs' favor and close this case.

**IT IS SO ORDERED.**

Dated: January 31, 2017
      Albany, New York

Mae A. D'Agostino
U.S. District Judge